FILED

97 OCT 14 PM 1: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

STEPHEN ROYSTER ]
]
    Plaintiff(s), ]
]
vs. ]   CV 97-N-2024-S
]
THE KRYSTAL COMPANY, ]
]
    Defendant(s). ]

ENTERED

OCT 14 1997

## Memorandum of Opinion

### I.   Introduction.

In this civil action, the plaintiff, Stephen Royster ("Royster"), brings claims against the defendant, The Krystal Company ("Krystal"), alleging that he was discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). After Mr. Royster filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Mr. Royster was issued a Notice of Right to Sue on April 30, 1997. On July 29, 1997, the 90th day following his receipt of the Notice of Right to Sue, Mr. Royster filed an Application Under Section 706(f) of the Civil Rights Act of 1964 for appointment of an attorney and authority to commence an action without prepayment of fees, costs or security.

On August 8, 1997, the court entered an order granting Mr. Royster authority to commence an action without prepayment of fees, costs or security, but denying his application for appointment of an attorney. Further, the order stated that Mr. Royster's "application shall be treated as a complaint under Title VII . . . and deemed filed on the date



of application, but an amended complaint, complying with the Federal Rules of Civil Procedure . . . and suitable for service on the defendant[s] named therein, shall be filed with the court within 30 days from the date hereof (unless extended by order of the court), failing which this cause shall be dismissed for want of prosecution."

This matter is presently before the court on the defendant's motion to dismiss, filed October 7, 1997. Mr. Royster submitted a written response to the motion, filed October 9, 1997. Upon due consideration, the motion will be denied.

## II. Discussion.

### A. Timeliness of the Amended Complaint.

Krystal challenges the timeliness of Mr. Royster's filing of his amended complaint, which he filed on September 5, 1997. *See Memorandum in Support of Defendant's Motion to Dismiss* at 2. The defendant contends that the 30-day limitations period began to run on August 4, 1997, the day Mr. Royster's application was received by the clerk of court and signed by Judge Acker, in this court's stead. However, the court's order was entered in the court record on August 8, 1997. Thus, the order is ambiguous as to which date begins the running of the 30-day period. If August 4, 1997, is the starting date, Mr. Royster was required to have filed his amended complaint by September 3, 1997. If August 8, 1997, is deemed the beginning point, the amended complaint was to have been filed by September 8, 1997. This court's practice has been to begin the running of such limitations periods on the date of the order's entry; here, August 8, 1997. Apparently, Mr. Royster interpreted the court's order as beginning the limitations period on the date of its entry. *See Defendant's Response filed October 9, 1997* at 1 (non-paginated) (stating that "I understood that the

2

date of entrance [sic] not the filing date was the date of reference"). Accordingly, under the court's calculation, Mr. Royster's filing of the amended complaint on September 5, 1997, was actually effected three days prior to his deadline. The defendant's motion to dismiss will thus be denied on this basis.

Krystal has not pointed the court to any law requiring a different result. In fact, the court has determined, after only a cursory review of the controlling law of this Circuit, that even if Mr. Royster's amended complaint had been filed after the deadline outlined in this court's order of August 8, 1997, Krystal's motion to dismiss would still be denied in this instance. In *Robinson v. City of Fairfield*, 750 F.2d 1507 (11th Cir. 1985), the Eleventh Circuit was faced with precisely the question of whether a plaintiff's amended complaint, filed beyond the thirty-day period allotted by the court's order, was untimely and, therefore, whether it should be dismissed. *Robinson*, 750 F.2d at 1511. The *Robinson* court's analysis of the issue is best explained in its own words:

> In our original ruling in [*Judkins v. Beech Aircraft Corporation*, 745 F.2d 1330 (11th Cir. 1984)], we reversed a district court's dismissal of a Title VII claim where the plaintiff was late in complying with the magistrate's order that he file a complaint within twenty days from the magistrate's denial of his request for appointment of counsel. The basis for this ruling was that the plaintiff's timely filing of his right-to-sue letter and request for appointed counsel satisfied the limitations requirement. *Judkins v. Beech Aircraft Corporation*, 723 F.2d 818 (11th Cir. 1984). The basis for this ruling was later rejected by the Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). On the defendant's motion to recall our mandate in *Judkins*, however, we concluded the holding in *Baldwin* was premised upon the requirement that a Title VII plaintiff, like any other plaintiff in federal court, file a complaint satisfying the requirement in Rule 8(a)(2), *i.e.*, "a short and plain statement" of the plaintiff's claim showing his entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see Baldwin*, 466 U.S. at ___, 104 S.Ct. at 1724, 80 L.Ed.2d at 200. We further found that the plaintiff in *Judkins* had set forth in the EEOC "Charge of Discrimination," which he filed along

3

with his right-to-sue letter, the factual basis of his claim of discrimination.
Thus he had met the requirements of *Baldwin County*. *Judkins, supra,* 745
F.2d 1330, at 1332.

*Robinson,* 750 F.2d at 1510.

Against this background, the *Robinson* court held that the plaintiff had met the
requirements of *Baldwin County* by describing the legal nature and factual basis of his
claim against the defendant in his *application* for appointment of counsel and for authority
to commence his action without prepayment of fees, costs or security. *Id.* at 1511. Thus,
the *Robinson* court affirmed the district court, which had ordered that the plaintiff's
application be treated as a complaint because the application "more than comprise[d] a
short and plain statement of the plaintiff's claim entitling him to relief." *Robinson,* 750 F.2d
at 1511.

The Eleventh Circuit in *Robinson* specifically addressed the defendant's argument
that the district court had erroneously accepted the plaintiff's belated filing of an amended
complaint. The court explained,

Even though the order stated that the cause would be dismissed for want of
prosecution if the plaintiff did not file the amended complaint within thirty
days, we do not agree that the district court abused its discretion in
permitting the [untimely] amendment. Leave to amend "shall be freely given
when justice so requires."

*Robinson,* 750 F.2d at 1511 & n.6 (citing Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178,
182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

In the present case, as in *Robinson,* Mr. Royster's application meets the
requirements of *Baldwin County* by describing the legal nature and factual basis of his

4

claims against Krystal.[1] And, because this court previously "ordered that the application be treated as a complaint, and it more than comprises a short and plain statement of the plaintiff's claim entitling him to relief," *Robinson*, 750 F.2d at 1511, Krystal's motion to dismiss will be denied on this alternative ground.[2]

## III.  Conclusion.

Accordingly, Krystal Company's motion to dismiss will be denied.  The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___14th___ of October, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[1] In his application, Mr. Royster describes in his own handwriting the nature of Krystal's discrimination as follows:

> I was terminated on 4/22/96, by Tommie Patterson, the area manager of the Krystal Company, regarding company policy on employee conduct. I believe my termination was due to racial prejudice, hostility, and an ungoverned work enviorment [sic]. Betty Morrow, restaurant manager, Kim Gulton, Asst mananger [sic] are thee [sic] two main pionts [sic] of focus. I have documents which will show racial prejudice. I seek financial compensation and other judgements [sic] that might be warranted in this case.

[2] In its motion to dismiss, counsel for Krystal argued that the case should be dismissed because plaintiff allegedly failed to timely file his amended complaint. *See Defendant's Motion to Dismiss* at 1 (non-paginated); *Memorandum in Support of Defendant's Motion to Dismiss* at 2-3. In neither its motion to dismiss nor its memorandum in support thereof did counsel for Krystal direct the court to the *Robinson* case, which, under the factual characterization by Krystal, controlled the adverse outcome of its motion to dismiss. The court, therefore, is concerned that counsel for Krystal, in filing its motion to dismiss, may have come dangerously close to violating Rule 11 of the Federal Rules of Civil Procedure. Accordingly, counsel for the defendant is directed to review the requirements of Rule 11, Fed. R. Civ. P., prior to filing any other pleading, motion or other paper in this court.